UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE BEGIN, on behalf of himself and those similarly situated : : : v. : C.A. No. 15-048L : THE LAWN BEAUTICIANS, INC., : et al. : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff Wayne Begin initiated this pro se action on February 12, 2015 with the filing of a seven-count Verified Complaint and accompanying 152 paragraph Sworn Affidavit. (Document Nos. 1 and 1-1). He sues his former employers, The Lawn Beauticians, Inc. and Forest Hills Nurseries, Corp., and their purported principals, Alan Muoio (husband), Debbie Muoio (wife) and David Muoio (their son). Plaintiff alleges that he worked for Defendants from November 30, 2011 to June 23, 2012 as an hourly-paid bookkeeper. (Document No. 1 at ¶ 165 and No. 1-1 at ¶ 1). He brings several employment-related claims.

**PROCEDURAL HISTORY**

The procedural history is messy due to Plaintiff's pro se status and his attempted shifting of gears as to the claims he wishes to pursue in this Court. Defendants answered Plaintiff's initial Complaint (Document No. 3) and then subsequently moved under Rule 12(c), Fed. R. Civ. P., for judgment on the pleadings as to all of Plaintiff's claims. (Document No. 8).

Plaintiff's response to Defendants' Rule 12(c) Motion was due on May 26, 2015. Plaintiff did not file a timely opposition. Instead, on June 1, 2015, he moved to amend his Complaint to

expand on Count I of his original Complaint and to add three new state law claims (Counts VIII, IX and X). (Document No. 10).

On June 15, 2015, the Court issued an Order requiring Plaintiff to appear and show cause why this case should not be dismissed for his failure to oppose Defendants' Rule 12(c) Motion. (Document No. 12). Plaintiff reacted on June 19, 2015 by filing a Motion to Extend time to file his opposition. (Document No. 13). Also, despite not receiving a ruling on his Motion to Extend Time, Plaintiff filed an untimely Opposition to Defendants' Rule 12(c) Motion on June 26, 2015. (Document No. 15). To further complicate matters, Plaintiff filed a Second Motion to Amend to further expand on his claims. (Document No. 14). Defendants object both to Plaintiff's request to extend time and his efforts to amend his Complaint. (Document Nos. 11, 17 and 18).

Finally, to ice the cake, Plaintiff seeks to "withdraw" Counts II, III, IV, V, VI and VII "for judicial efficiency as he has filed this matter more properly in the RI Superior Court." (Document No. 15 at p. 2). He represents that it is his "intension [sic]" "to stipulate as to the withdrawal" of the Counts. Id. at p. 1. Defendants object to the Plaintiff's attempt at unilateral withdrawal of claims. (Document No. 19). Thus, there is no stipulation that might comport with Rule 41, Fed. R. Civ. P.

**DISCUSSION**

    **A.**    **Plaintiff's Attempt to Withdraw Counts II, III, IV, V, VI and VII**

Plaintiff's original Complaint contains six state law claims arising out of his prior employment with Defendants. He asserts two intentional tort claims (Counts II and III), a fraud claim (Count IV), unjust enrichment/quantum meruit (Counts V and VI), and a statutory "RICO"[1] claim (Count VII). In their Rule 12(c) Motion, Defendants substantively challenge the legal viability of

---

[1] Plaintiff invokes Rhode Island's Racketeer Influenced and Corrupt Organizations statute in Count VII. See R.I. Gen. Laws § 7-15-1, et seq.

each of these claims. (Document No. 8-1 at pp. 6-13). In his untimely Opposition, Plaintiff does not substantively defend the legal viability of <u>any</u> of these claims. Rather, he proposes to withdraw them for "judicial efficiency" and to pursue them in state court.

Under Rule 41(a)(1)(A)(i), Fed. R. Civ. P., a plaintiff may only dismiss an action unilaterally by filing "a notice of dismissal <u>before</u> the opposing party serves...an answer." (emphasis added). Here, Defendants timely answered Plaintiff's Complaint on March 9, 2015 (Document No. 3) and, therefore, Plaintiff's June 26, 2015 notice of withdrawal (<u>see</u> Document No. 15) is ineffective.

Rule 41(a), Fed. R. Civ. P., also permits dismissal by stipulation "signed by all parties who have appeared" or by Court order "on terms that the Court considers proper." Here, Defendants object to withdrawal, and there is no stipulation. Also, Plaintiff has not requested a court order of dismissal under Rule 41(a)(2), Fed. R. Civ. P. Further, it is apparent that Plaintiff is attempting to withdraw these claims without prejudice to pursue them in state court. Even if Plaintiff properly moved under Rule 41(a)(2), the Court would not allow dismissal without prejudice since Plaintiff voluntarily initiated these claims in this Court, and served Defendants causing them to retain counsel, Answer Plaintiff's Complaint and invest resources in challenging those claims under Rule 12(c). It would be inequitable to allow Plaintiff to withdraw certain of his claims, without prejudice, at this juncture.

These issues were discussed with Plaintiff during the Show Cause Hearing held on June 29, 2015. Despite notice of the requirements of Rule 41, Plaintiff has not sought relief under Rule 41 or sought to supplement his opposition to Defendants' Rule 12(c) Motion to offer any substantive defense as to the legal viability of Counts II, III, IV, V, VI and VII. Plaintiff did not file a timely response to Defendants' Rule 12(c) Motion, and his untimely response was an attempt to withdraw the claims. Accordingly, Defendants' substantive arguments under Rule 12(c) for judgment on the

pleadings are unopposed, and I recommend that Defendants' Rule 12(c) Motion be GRANTED as to Counts II, III, IV, V, VI and VII.

###### B. Plaintiff's Proposed Amendments

After Defendants moved for judgment under Rule 12(c), Plaintiff has filed two requests to amend his Complaint. (Document Nos. 10 and 14). Defendants oppose the requests as untimely and/or futile. (Document Nos. 11 and 18). First, on June 1, 2015, Plaintiff moved to amend Count I (FLSA Overtime Pay Claim) to expand on his claim that Defendants willfully violated the FLSA. He also seeks to add three new state law claims. Proposed Count VIII alleges that the Muoio Defendants wrongfully interfered with "Prospective Contractual Relationship in an Employment Relationship."[2] Proposed Count IX claims a violation of Rhode Island's Whistleblowers' Protection Act (R.I. Gen. Laws § 28-50-1, et seq.) and Proposed Count X claims a violation of Rhode Island's Overtime Pay Statute (R.I. Gen. Laws § 28-12-4.1). Second, on June 24, 2015, Plaintiff moved to provide additional factual allegations in support of his Count I claim that Defendants willfully violated the FLSA.

Although Rule 15(a), Fed. R. Civ. P., provides that leave to amend a pleading should be freely given "when justice so requires," the Court must examine each such request in context. Here, Plaintiff has invoked this Court's subject matter jurisdiction under 28 U.S.C. § 1331 due to the presence of a "federal question" under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (Document No. 1 at ¶ 153). He presumably invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 to pursue his proposed state law claims presented in Counts VIII, IX and X. However,

---

[2] Plaintiff seems to allege that the Muoios, the purported principals of his corporate employers, interfered with his at-will employment relationship with the corporations by terminating him in their capacity as owners and operators of the corporations. Defendants argue that such claim is futile because it "does not make sense" and "stretches logic." (Document No. 11-1 at pp. 3-4).

supplemental jurisdiction is discretionary and may be declined for "compelling reasons." 28 U.S.C. § 1367(c)(4). The concept of supplemental jurisdiction was established for reasons of convenience and judicial efficiency to allow closely-related federal and state claims to be joined and heard in a single court to avoid wasteful duplicative litigation. See 13 Wright & Miller, Federal Practice and Procedure at § 3523, p. 156 (3d ed. 2008). Such concerns do not prevail in this case, as Plaintiff represents that he has already filed a related action in Rhode Island Superior Court. (Document No. 15 at p. 2). Thus, there are no efficiencies to be gained by invoking supplemental jurisdiction in this Court. Plaintiff indicates that he has filed a related state court action, and his state law claims are more properly presented in that action.

Thus, I recommend that Plaintiff's Motion for Leave to Add Counts VIII, IX and X to this federal case be DENIED. However, I do recommend, consistent with the liberal amendment policy of Rule 15(a)(2), Fed. R. Civ. P., that Plaintiff's proposed amendments to Count I regarding his willfulness claim, be allowed.

    **C.**    **Plaintiff's FLSA Claim**

In Count I, Plaintiff alleges that Defendants violated the FLSA by failing to compensate him at the required overtime rate.[3] (Document No. 1 at p. 5). He also asserts that Defendants' conduct "constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as [it] knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws." Id. Finally, Plaintiff seeks to pursue Count I as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others "similarly situated."

---

[3] At the Rule 16 Conference, Defendants' counsel represented that Plaintiff's Rule 26(a) disclosures claimed unpaid overtime in the amount of $943.25.

Defendants argue that Count I is time barred by the applicable two-year statute of limitations. They assert that Plaintiff alleges that his employment ended on June 23, 2012 and that he was required to file suit under the FLSA no later than June 23, 2014 to meet its two-year limitations period. See 29 U.S.C. § 255(a). Plaintiff filed his Complaint on February 12, 2015 and thus, according to Defendants, it is time barred.

Under the FLSA, a civil action to collect unpaid overtime compensation must be commenced within two years after the claim has accrued. 29 U.S.C. § 255(a). However, a civil action "arising out of a willful violation may be commenced within three years after the cause of action accrued." Id. The First Circuit Court of Appeals has held that "a finding of willfulness means that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Chao v. Hotel Oasis, Inc., 493 F.3d 26, 35 (1st Cir. 2007) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).

Here, giving due deference to Plaintiff's pro se status and reviewing the allegations in Count I of his Complaint and his proposed amendments to Count I in the light most favorable to him as required at this stage, the Court finds that Plaintiff has sufficiently pled a plausible claim of willfulness to withstand Defendants' argument under Rule 12(c) that his FLSA claim is time-barred. Thus, solely for purposes of this Rule 12(c) Motion, the Court rejects Defendants' argument that the two-year statute of limitations applies to Count I as a matter of law. The factual issues of whether Plaintiff can prove a violation of the FLSA and, if so, prove a willful violation, remain for another day. The applicable standard at this stage is "plausibility" and not "likely success on the merits." See Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010). Thus, I recommend that Defendants' Motion for Judgment as to Count I be DENIED.

Because of Plaintiff's pro se status, the Court also feels compelled to address his attempt to plead Count I as an FLSA collective action. See Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 263 (S.D.N.Y. 1997) (noting that the Court has an "equitable interest" in ensuring that participants in an FLSA collective action are adequately represented). Pursuant to 29 U.S.C. § 216(b), an employee may pursue a claim under the FLSA on behalf of himself "and other employees similarly situated." In his Complaint, Plaintiff alleges that he worked for Defendants as an hourly-paid bookkeeper. In paragraph 169 of his Complaint, Plaintiff describes the proposed collective group as those employed by Defendants as "hourly labor employees." (Document No. 1 at p. 3). He describes the work performed by the collective group as "work directly related to Corporate Activities" and that such work was performed both "from" Defendants' "primary place of business and on location." Id. at ¶¶ 172-174.[4] Plaintiff makes no other effort to describe these "similarly situated" co-workers either by job title, function or pay rate or range. He further predicted in his February 12, 2015 Complaint that "[a]s this case proceeds, it is likely that other individuals will sign consent forms and join as opt-in plaintiffs." Id. at ¶ 190. To date, no one, other than Plaintiff, has joined this collective action. Plaintiff has also never formally moved for certification, conditional or otherwise, of the proposed "collective class," or moved for issuance of notice to the proposed "class."

As previously noted, an FLSA plaintiff may pursue collective relief on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). "When determining if persons are 'similarly situated,' such persons must be similarly situated with respect to their job requirements and with regard to their pay provisions; the positions need not be identical, only similar." Yeibyo v. E-Park

---

[4] He proposes a Collective FLSA Class of "[a]ll persons who worked as a [sic] Hourly Employee who performed Corporate Activitie [sic] at any time since three years prior to the filing of this Complaint." (Document No. 1, ¶ 188).

of DC, Inc., C.A. No. DKC 2007-1919, 2008 WL 182502 at *7 (D. Md. Jan. 18, 2008); see also Pickering v. Lorillard Tobacco Co., Inc., No. 2:10-cv-633-WKW, 2011 WL 111730 at *2 (M.D. Ala. Jan. 13, 2011) ("the positions need not be identical, only similar" as to job requirements and pay provisions); Bogdon v. Newmont USA Ltd., No. 3:11-cv-00317-LDG, 2011 WL 6253151 at *3 (D. Nev. Dec. 2, 2011) (denying Rule 12(b)(6) motion where plaintiff alleged sufficient facts to "plausibly infer" he was similarly situated with proposed collective action members but leaving further factual scrutiny to the conditional certification phase); and Sanchez v. Haltz Constr., Inc., No. 09 C 7531, 2012 WL 13514 at *4 (N.D. Ill. Jan. 4, 2012) (same).   Plaintiff has not sufficiently alleged facts which plausibly support his claim that he and others were similarly situated with respect to their job duties and manner of pay.   See White v. Rick Bus Co., 743 F. Supp. 2d 380, 388 (D.N.J. 2010) (holding that mere generalizations and conclusory statements were insufficient to demonstrate that the plaintiff was similarly situated to proposed FLSA class members for purposes of a collective action).

In fact, Plaintiff has offered no factual allegations regarding the other proposed members of the collective action to permit any meaningful review by the Court.  Plaintiff simply offers an overly broad and vague description that would seem to encompass all hourly-paid employees of Defendants since anything could constitute a Corporate Activity, and everyone would presumably work either "from" Defendants' primary place of business or "on location."  Plaintiff worked as a bookkeeper, and it strains logic that he could be "similarly situated" to each and every hourly-paid employee of a landscaping/nursery operation.  Plaintiff has simply not sufficiently pled a plausible collective action claim under the FLSA.  Thus, I recommend that his FLSA collective action allegation be DISMISSED.

**CONCLUSION**

For the foregoing reasons, I recommend that:

1. Defendants' Motion for Judgment on the Pleadings (Document No. 8) be GRANTED as to Counts II, III, IV, V, VI and VII and DENIED as to Count I;

2. Plaintiff's collective action allegations as to Count I be DISMISSED;

3. Plaintiff's Motion to Amend (Document No. 10) be GRANTED as to Count I and DENIED as to proposed Counts VIII, IX and X; and

4. Plaintiff's Motion to Amend (Document No. 14) be GRANTED as to Count I.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 3, 2015